**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 (Subchapter V) |
| Roti Restaurants Inc. | ) | |
| Roti Restaurants, LLC | ) | |
| ROTI 300 West Adams, LLC | ) | Case No. 24-12410 |
| ROTI 1311 F Street LLC | ) | Hon. Donald R. Cassling |
| ROTI 1629 K Street, LLC | ) | |
| ROTI 1747 Pennsylvania Ave LLC | ) | |
| ROTI Constitution Square LLC | ) | (Joint Administration Pending) |
| ROTI Square 54, LLC | ) | |
| ROTI 33 North Dearborn LLC | ) | |
| | ) | |
| Debtors. | ) | |

**NOTICE OF EMERGENCY MOTION**

PLEASE TAKE NOTICE that on **Wednesday, August 28, 2024, at 10:00 a.m. C.T.** I will appear before the Honorable Donald R. Cassling, or any judge sitting in his place, **either** in courtroom 619 of the Everett McKinley Dirksen United States Courthouse or electronically as described below, and present the *Debtors' Emergency Motion for an Order (1) Authorizing the Debtors to Serve a Consolidated Creditor Matrix and List of the 30 Largest Unsecured Creditors; (2) Authorizing the Debtors to Redact Employee Home Address Information from Certain Bankruptcy Documents; (3) Authorizing the Debtors to File an Amended Creditor Matrix with Employee Addresses Redacted and; (4) Granting Other Related Relief*, a copy of which is attached.

Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.

**To appear by Zoom using the internet**, go to this link: http://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

1

**Meeting ID and passcode.** The meeting ID for this hearing is 161 414 7941, and the passcode is 619. The meeting ID and passcode can also be found on the judge's page on the court's web site.

In addition to other grounds for opposing the motion, you may oppose the motion on the basis that emergency treatment is not appropriate.

|  |  |
|---|---|
| Dated: August 26, 2024. | **RICHMAN & RICHMAN LLC**<br>**Proposed Attorneys for the Debtors** |

By:    /s/ *Michael P. Richman*
Michael P. Richman
Claire Ann Richman
122 West Washington Avenue
Suite 850
Madison, WI 53703
Tel: (608) 630-8990
Fax: (608) 630-8991
mrichman@RandR.law
crichman@RandR.law

## CERTIFICATE OF SERVICE

I, David T. Fowle, a paralegal, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on August 26, 2024, on or before 11:59 pm.

                                                               ___/s/ David T. Fowle_____
                                                               David T. Fowle

| **Via CM/ECF** | |
|---|---|
| Patrick S. Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St., Room 873<br>Chicago, IL 60604<br>USTPRegion11.ES.ECF@usdoj.gov | |
| **Via U.S. Mail** | |
| 300 West Adams LLC<br>PO Box 30353<br>Lockbox MSBAM 2012-C6 W Adams St<br>Tampa, FL 33630 | CH Retail Fund II Chicago Clearwater LLC<br>PO Box 852033<br>Richardson, TX 75085 |
| Core Minneapolis LLC<br>Attn: Marc Lifshin<br>1643 N Milwaukee Ave<br>Chicago, IL 60647 | Davis Building LLC<br>c/o Floyd E. Davis Co.<br>1629 K Street NW, Suite 900<br>Washington, DC 20006 |
| Deodato.co LLC<br>70 Pine St, Apt 1416<br>New York, NY 10005 | GPI HRLP M AND O LP<br>PO Box 809233<br>Chicago, IL 60680-9201 |
| Harper Court Holdings LLC<br>176 N Racine, Ste 200<br>c/o McCaffery Interests Inc<br>Chicago, IL 60607 | Infosync Services<br>1938 N. Woodlawn. Suite 110<br>Wichita, KS 67208 |
| JBG/BC Chase Tower LP<br>Attn: Exec VP, Comm. Asset Mgmnt<br>4445 Willard Ave, Suite 400<br>Chevy Chase, MD 20815 | Jemals Harris & Ewing LLC<br>c/o Douglass Development Corp.<br>702 H Street NW, Suite 400<br>Washington, DC 20001 |
| Lechunza LLC<br>55 E Jackson Boulevard, Suite 500<br>Chicago, IL 60604 | Maiden Lane Properties<br>c/o Lalezarian Developers, Inc.<br>1999 Marcus Avenue, Suite 310<br>New Hyde Park, NY 11042 |

| | |
|---|---|
| Much Shelist<br>8477 Solutions Center<br>Chicago, IL 60677-8004 | Nash Technologies Inc<br>2261 Market Street #4286<br>San Francisco, CA 94114 |
| Provision Business Solutions LLC<br>PO Box 158<br>Sedalia, CO 80135 | Regency Centers LP<br>1568 Solutions Ctr<br>Chicago, IL 60677-7007 |
| RV Avenue LLC / Conserve<br>c/o Boston Properties<br>505 9th Street NW, Suite 800<br>Washington, DC 20004 | Schaumburg Meacham LLC<br>PO Box 851434<br>c/o Inwood National Bank<br>Richardson, TX 75085 |
| SYSCO<br>1390 Enclave Parkway<br>Houston, TX 77077 | Bellissimo Distribution LLC 1550<br>Hecht Road<br>Bartlett, IL 60103 |
| Uber Technologies Inc<br>1515 3rd St<br>San Francisco, CA 94158 | 200 North Michigan Owner LLC<br>c/o The John Buck Company<br>225 West Washington St, Ste 2300<br>Chicago, IL 60606 |
| Thanx Inc<br>PO Box 8481<br>Pasadena, CA 91109 | Dc.gov<br>John A. Wilson Building<br>1350 Pennsylvania Avenue NW<br>Washington DC 20004 |
| Newcastle Retail Management LLC<br>150 North Michigan Avenue<br>Suite 13610<br>Chicago, IL 60661 | North Avenue Properties LLC<br>Attn: Kenneth Skolnik<br>1000 W. North Ave, Suite 3<br>Chicago, IL 60622 |
| BRI 1855 IDS Center<br>c/o Accesso Services LLC<br>80 S. Eighth Street, Suite 650<br>Minneapolis, MN 55402 | AmTrust Realty Corp. A/A/F<br>33 N Dearborn St, Suite 1160<br>Chicago, IL 60602 |
| Washington DC IV FGF LLC<br>Attn: Douglass M Firstenberg<br>PO Box 13470<br>Richmond, VA 23225 | Travelers CL Remittance Center<br>13607 Collections Ctr Dr<br>Chicago, IL 60693 |
| 1747 Pennsylvania Avenue LP<br>PO Box 759403<br>Baltimore, MD 21275-9403 | Mats A. Lederhausen 2000 Trust<br>600 N. Fairbanks Ct,<br>PH 4001<br>Chicago, IL 60611 |
| McGriff Insurance Services, Inc.<br>3400 Overton Park Drive, Suite 300<br>Atlanta, GA 30339 | QTH Fund LLC<br>Attn: Burak Alici<br>2170 Buckthorne Place, Suite 320<br>Spring TX 77380 |

4

| | |
|---|---|
| QVIDTVM Inc.<br>Attn: Burak Alici<br>2170 Buckthorne Place, Suite 320<br>Spring, TX 77380 | Grossberg, Yochelson, Fox & Beyda<br>2000 L Street, N.W., Suite 900<br>Washington, DC 20006 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 (Subchapter V) |
| Roti Restaurants, LLC ) | |
| Roti Restaurants Inc. ) | |
| ROTI 300 West Adams, LLC ) | Case No. 24-12410 |
| ROTI 1311 F Street LLC ) | Hon. Judge Donald R. Cassling |
| ROTI 1629 K Street, LLC ) | |
| ROTI 1747 Pennsylvania Ave LLC ) | |
| ROTI Constitution Square LLC ) | (Joint Administration Pending)[1] |
| ROTI Square 54, LLC ) | |
| ROTI 33 North Dearborn LLC ) | |
| ) | |
| Debtors. ) | |

**EMERGENCY MOTION FOR AN ORDER
(1) AUTHORIZING THE DEBTORS TO SERVE A CONSOLIDATED
CREDITOR MATRIX AND LIST OF THE 30 LARGEST UNSECURED
CREDITORS; (2) AUTHORIZING THE DEBTORS TO REDACT EMPLOYEE
HOME ADDRESS INFORMATION FROM CERTAIN BANKRUPTCY
DOCUMENTS; (3) AUTHORIZING THE DEBTORS TO FILE AN AMENDED
CREDITOR MATRIX WITH EMPLOYEE ADDRESSES REDACTED AND; (4)
GRANTING OTHER RELATED RELIEF**

Roti Restaurants, LLC ("**Roti LLC**"); Roti Restaurants Inc. ("**Roti Inc.**");

ROTI 300 West Adams, LLC ("**West Adams**"); ROTI 1311 F Street LLC ("**F Street**");

ROTI 1629 K Street, LLC ("**K Street**"); ROTI 1747 Pennsylvania Avenue LLC ("**1747

PA Ave**"); ROTI Constitution Square LLC ("**Constitution Square**"); ROTI Square

---

[1] The Debtors in these chapter 11 cases, the last four digits of their federal EIN number, and their case numbers are: Roti Restaurants, LLC (8307, Case No. 24-12410); Roti Restaurants Inc. (7804, Case No. 24-12412); ROTI 300 West Adams, LLC (8368, Case No. 24-12422); ROTI 1311 F Street LLC (7809, Case No. 24-12415); ROTI 1629 K Street, LLC (8057, Case No. 24-12416); ROTI 1747 Pennsylvania Avenue LLC (8680, Case No. 24-12418); ROTI Constitution Square LLC (7756, Case No. 24-12427); ROTI Square 54, LLC (0337, Case No. 24-12428); and ROTI 33 North Dearborn LLC (1546, Case No. 24-12425).

54, LLC ("**Square 54**"); and ROTI 33 North Dearborn LLC ("**North Dearborn**") (each a "**Debtor**", and collectively, the "**Debtors**"), by their proposed attorneys, Richman & Richman LLC, by Attorneys Michael P. Richman and Claire Ann Richman, hereby move (the "**Motion**") this Court, pursuant to Sections 521 and 107 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1007, 2002, and 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (a) authorizing the Debtors to serve a consolidated list of the 30 largest unsecured creditors, (b) authorizing the Debtors to redact current and former employee home address information from certain bankruptcy documents, (c) authorizing the Debtors to file an amended creditor matrix with the Debtors' employees' addresses redacted, and (d) granting other related relief. In support of the Motion, the Debtors state as follows below. This Motion is further supported by the Declaration of Justin Seamonds in Support of the Debtors' Requests for First Day Relief ("**Seamonds Declaration**"), filed contemporaneously with this Motion.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a), and the order of reference entered in the Northern District of Illinois pursuant to 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) as a matter concerning the administration of the Debtors' bankruptcy estates. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for relief sought in the Motion are 11 U.S.C. §§ 105(a) and 521 and Federal Rules of Bankruptcy Procedure 1007, 2002, and 9018.

2

## BACKGROUND

3. On August 23, 2024 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief electing to proceed under subchapter V of Chapter 11 (the "**Chapter 11 Cases**").

4. The Debtors continue to manage their financial affairs as debtors in possession pursuant to Sections 1181 and 1184 of the Bankruptcy Code.

5. The Debtors are a group of affiliated businesses which own and operate fast-casual Mediterranean restaurants (the "**Restaurants**") in fast-casual Mediterranean restaurants in nineteen locations branded as "Roti Modern Mediterranean," "Roti Mediterranean Grill," "Roti Bowls. Salads. Pitas.", and "Roti" (collectively "**Roti**").

## RELIEF REQUESTED

6. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"): (a) authorizing the Debtors to serve a consolidated creditor matrix and list of the 30 largest general unsecured creditors in lieu of submitting separate mailing matrices and creditor lists for each Debtor; (b) authorizing the Debtors to redact current and former employee home address information from the Debtors' schedules of assets and liabilities and any related affidavits of service (collectively "**Bankruptcy Documents**"); (c) authorizing the Debtors to file an amended creditor matrix with employee addresses redacted ("**Amended Creditor Matrix**"); and (d) granting related relief.

**BASIS FOR RELIEF REQUESTED**

**A. Consolidated Creditor Matrix**

7.  Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H." Fed. R. Bankr. P. 1007(a)(1). The preparation of separate lists of creditors for each Debtor would be expensive, time-consuming, and administratively burdensome. Accordingly, the Debtors request authority to maintain and serve one consolidated list of creditors (the "**Creditor Matrix**") for all of the Debtors. Courts routinely grant relief similar to the relief requested herein. *See, e.g.*, *In re Decurtis Holdings LLC*, Case No. 23-10548 (JKS) (Bankr. D. Del. May 2, 2023); *In re Ebix, Inc.*, et al., Case No. 23-80004 (SWE) (Bankr. N.D. Tex. Dec. 19, 2023) [Docket No. 55]; *In re Northwest Senior Housing Corporation*, Case No. 22-30659 (Bankr. N.D. Tex. Apr. 19, 2022) [Docket No. 89]; *In re Promise Healthcare Grp., LLC*, Case No. 18-12491 (CSS) (Bankr. D. Del. Nov. 6, 2018).

**B. Consolidated List of the 30 Largest General Unsecured Creditors.**

8.  Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 30 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors (the "**Top 30 List**"). The Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service.

**C. Redaction of Employee Home Address Information from Certain Bankruptcy Documents.**

    **i. Employee Home addresses are the type of information protected by section 107(c), as they are a "means of identification" contemplated by section 1028(d).**

9. Bankruptcy Code section 107(c)(1) provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1)(A)-(B).

10. Thus, if a debtor can show that disclosure of any "means of identification," or some "other information," creates "undue risk of identity theft" or "other unlawful injury," courts may intervene to curtail disclosure of that information. *Id.*; *see also* 2 Collier on Bankruptcy ¶ 107.04 (16th ed. 2022) ("The types of information that can be protected by the court are unlimited.") Here, the Debtors submit that disclosure of employee home addresses – which the Debtors assert are a "means of identification" – would create such undue risk of identity theft contemplated by Bankruptcy Code section 107(c).

11. The personal addresses of the Debtors' employees fit squarely within section 1028(d)(7)(A), which defines "means of identification" as:

5

> any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any— (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;…

18 U.S.C. § 1028(d)(7)(A)

**ii.** Though personal addresses are not specifically enumerated in this definition, this list is inclusive, rather than exclusive, and should not be read as an exhaustive list of "means of identification." The fact that personal addresses are not listed in section 1028(d)(7)(A) does not prohibit their redaction in bankruptcy court documents pursuant to Bankruptcy Code section 107(c). **The Harm Caused by Publicizing Employee Home Address Information Outweighs the General Right of Public Access to Judicial Records.**

12. Bankruptcy courts routinely engage in a balancing test, comparing the need for public access to information with the danger individuals may face due to the public nature of bankruptcy filings. *See e.g.*, Hr'g Tr. 31:12-15, *In re Quorum Health Corp.*, Case No. 20-10766 (KBO) (noting that redacting employee addresses "strikes a fair balance between public access and the privacy concerns associated with far reaching public disclosure of an individual's name and address information"). Here, the Debtors submit that the harm caused by publicizing employee home addresses outweighs the general right of public access to judicial records.

13. As several bankruptcy judges have recognized, identity theft is a very real concern in modern day society. The likelihood of its occurrence only increases with the publication of personally identifiable information. *See e.g.*, Hr'g Tr. 60:22-25, *In re Forever 21, Inc.*, Case No. 19-12122 (KG) ("We live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld.")

6

14. The publication of employee home address poses a substantial risk of identity theft, among other concerns, and there would be no clear benefit of such publication in these cases. Here, the Debtors propose to include the notation "Address on File" in place of actual employee addresses to make clear that the actual addresses have been redacted – and that such addresses are obtainable upon a showing of cause. The Debtors also propose to provide an unredacted version of the Bankruptcy Documents to the U.S. Trustee and any other parties-in-interest upon a showing of cause. In short, while the Debtors do not want to publish employee address information to the internet, the Debtors are not seeking to prevent access for legitimate purposes. Thus, the Debtors submit that the relief requested strikes the right balance between legitimate privacy concerns and the countervailing desire to provide appropriate public access to judicial records and papers.

15. Accordingly, in light of the various substantial risks posed by publishing personally identifiable information and the limited impediment to public access posed by the proposed relief, the Debtors respectfully submit that the home addresses of their employees should be redacted in the various Bankruptcy Documents.

**D. Redaction of Employee Home Address Information from Certain Bankruptcy Documents.**

16. The Debtors have filed a Creditor Matrix that includes the addresses of the Debtors' employees to ensure that the employees received notice of the filing as done by the Bankruptcy Noticing Center. Given that access to the Creditor Matrix is restricted those with access to the Chapter 11 Cases' dockets and is not made available to the general public, the Debtors have determined that filing such a

7

Creditor Matrix would not pose a substantial risk of identity theft. Furthermore, the Creditor Matrix does not identify the Debtors' employees as employees or provide any other information as to who they are other than creditors of the Debtors.

17. Debtors seek to file an Amended Creditor Matrix with the home addresses of its employees redacted. By doing so, Debtors can ensure that any potential harm going forward will be minimized. Debtors will work with its service providers to ensure that any related affidavits of service do not include the Debtors' employees' addresses.

## NOTICE AND NO PRIOR REQUEST

18. Notice of the filing of this Motion and the hearing scheduled therefor has been provided by CM/ECF and overnight delivery to: (a) the United States Trustee for the Northern District of Illinois; (b) the Subchapter V Trustee assigned to these Chapter 11 Cases (the "**Sub V Trustee**"); (c) the holders of the twenty largest unsecured claims against the Debtors; (d) the Debtors' prepetition lenders, and (e) other interested parties by email, telephone, and/or overnight delivery. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given. The Debtors will provide such additional notice as may be required and appropriate in advance of the final hearing on this matter.

19. No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request the entry of an order (i) authorizing the Debtors to serve a consolidated list of the 30 largest unsecured creditors; (ii) authorizing the Debtors to redact current and former employee home address information from certain bankruptcy documents; (iii) authorizing the Debtors to file an amended creditor matrix with the Debtors' employees' addresses redacted; and (iv) granting such other and further relief as the Court deems appropriate.

Dated: August 26, 2024.                              **RICHMAN & RICHMAN LLC**
                                                     **Proposed Attorneys for Debtors**

                                              By:    _____/s/ Michael P. Richman_____
                                                     Michael P. Richman
                                                     Claire Ann Richman
                                                     122 West Washington Avenue,
                                                     Suite 850
                                                     Madison, WI 53703
                                                     Tel: (608) 630-8990
                                                     Fax: (608) 630-8991
                                                     mrichman@RandR.law
                                                     crichman@RandR.law

# EXHIBIT A

Form G5 (20240301_bko)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | Case Number: 24-12410 |
| | ) | (Jointly Administered) |
| Roti Restaurants, LLC, et al. | ) | Chapter: 11 |
| | ) | Honorable Donald R. Cassling |
| Debtor(s) | ) | |

ORDER (1) AUTHORIZING THE DEBTORS TO SERVE A CONSOLIDATED CREDITOR MATRIX AND LIST OF THE 30 LARGEST UNSECURED CREDITORS; (2) AUTHORIZING THE DEBTORS TO REDACT EMPLOYEE HOME ADDRESS INFORMATION FROM CERTAIN BANKRUPTCY DOCUMENTS; (3) GRANTING THE DEBTORS LEAVE TO FILE AN AMENDED CREDITOR MATRIX WITH EMPLOYEE ADDRESSES REDACTED AND; (4) GRANTING OTHER RELATED RELIEF

This Matter having coming before the Court on the Emergency Motion for an Order (1) Authorizing the Debtors to Serve a Consolidated Creditor Matrix and List of the 30 Largest Unsecured Creditors; (2) Authorizing the Debtors to Redact Employee Home Address Information from Certain Bankruptcy Documents; (3) Granting the Debtors Leave to File an Amended Creditor Matrix with Employee Addresses Redacted and; (4) Granting Other Related Relief (the "Motion"), filed by Roti Restaurants, LLC, and its named affiliates, the debtors and debtors-in-possession in the above-referenced Chapter 11 cases (the "Debtors"), all as more fully set forth in the Motion and the Declaration of Justin Seamonds in Support of First Day Motions.

The Court, finding that it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; that this is a core proceeding under 18 U.S.C. § 157(2)(b); that notice of the Motion and the hearing on the Motion was sufficient under the circumstances; that the relief requested in the Motion is in the best interests of the Debtors, their bankruptcy estates, their creditors, and other parties in interest; and that after due deliberation of the record before this Court; good and sufficient cause exists to grant the relief set forth in this Interim Order; therefore,

IT IS HEREBY ORDERED that,

A. The Motion is granted;

B. The Debtors are authorized to serve a consolidated creditor matrix and list of the 30 largest unsecured creditors;

C. The Debtors are authorized to redact employee home address information from certain bankruptcy documents;

D. The Debtors granted leave to file an amended creditor matrix with employee addresses redacted;

E. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Enter:

Dated:　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

**Prepared by:**

Michael P. Richman
Richman & Richman LLC
122 W. Washington avenue, Ste 850
Madison, WI 53703
Tel: (608)630-8990
Fax: (608-630-8991
mrichman@RandR.law